IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALICIA FISHER,<br>    and<br>DAVID FISHER, H/W,<br><br>        Plaintiffs<br><br>vs.<br><br>CENTRAL CREDIT SERVICES, INC.<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**
**UNLAWFUL DEBT COLLECTION PRACTICES**

### I. INTRODUCTION

1. This is an action for damages brought by individual consumers for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereafter the "FDCPA") and the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 *et seq*. (hereafter the "FCEUA"), constituting unfair and deceptive acts and practices under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq*. (hereafter the "UTPCPL"). These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

### III. PARTIES

4. Plaintiffs Alicia Fisher (hereafter "Plaintiff AF") and David Fisher (hereafter "Plaintiff DF") (collectively "Plaintiffs"), husband and wife, are adult individuals residing at 2006 Virginia Street, Allentown, PA 18103.

5. Defendant Central Credit Services, Inc. ("Defendant" or "CCS") is a business entity engaged in the business of collecting debts in this Commonwealth with its principal place of business located at 9550 Regency Square Blvd., Suite 602, Jacksonville, FL 32225. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

### IV. FACTUAL ALLEGATIONS

6. At all pertinent times hereto, Defendant was hired by Wells Fargo Financial Retail ("Wells Fargo") to collect a debt relating to a Raymour & Flanigan credit card that was allegedly originally owed to Wells Fargo (hereafter the "debt").

7. The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

8. On or about February 3, 2008, Plaintiffs received a letter from Defendant stating that it had been authorized by its client to offer Plaintiffs a settlement in the amount of $626.26, in three consecutive monthly payments of $208.75, in full satisfaction of the debt ("Letter").

9. On or about February 9, 2008, Plaintiff AF contacted Defendant in order to accept the settlement offer set forth in Defendant's Letter and to inquire to whom she should make the payment checks payable.

10. During the telephone conversation with Plaintiff AF on or about February 9, 2008, a male representative of Defendant immediately reneged on the settlement offer set forth

in the Letter. Defendant's representative falsely told Plaintiff AF that the Letter had been sent to her in error and that Defendant would not accept payments as set forth in the Letter, but that Plaintiffs would be required to pay the settlement offer in one lump sum.

11. In response to the above, Plaintiff AF informed Defendant's representative that Plaintiffs could not afford to make such a large payment. Defendant's representative became angry and rude, and told Plaintiff AF that she was "a bad person for not paying the bill".

12. When Plaintiff AF reminded Defendant's representative that she was contacting Defendant to accept Defendant's settlement offer contained in the Settlement Letter, Defendant's representative responded that he "didn't care" and threatened to garnish the wages of Plaintiff DF while stating the name of DF's employer, East Penn Manufacturing.

13. Later in the same telephone conversation on or about February 9, 2008, despite his previous reneging on the settlement offer contained in the Letter, Defendant's representative told Plaintiff AF that Defendant would accept a payment arrangement of two payments within a shorter period of time that was a markedly less favorable settlement offer to Plaintiff than the offer contained in the Letter.

14. Plaintiff AF felt so intimidated by Defendant's threats regarding the garnishment of her husband's wages that she subsequently acquiesced to making the two payments as stated above.

15. The Defendant acted in a false, deceptive, misleading and unfair manner by harassing, oppressing and abusing the Plaintiffs including, but not limited to, threatening Plaintiffs in an attempt to coerce payment of the debt.

16.     The Defendant acted in a false, deceptive, misleading and unfair manner by representing that nonpayment of the debt would result in the seizure, garnishment, attachment or sale of any property or wages that was not lawful.

17.     The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that cannot legally be taken and/or is not intended to be taken for the purpose of coercing Plaintiffs to pay the debt.

18.     Defendant knew or should have known that its actions violated the FDCPA, FCEUA and the UTPCPL.  Additionally, Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, FCEUA and the UTPCPL, but neglected to do so and failed to adequately review its actions to insure compliance with said laws.

19.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

20.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

21.     As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiffs' reputation, invasion of privacy, damage to Plaintiffs' credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## V.  FIRST CLAIM FOR RELIEF-VIOLATION OF THE FDCPA

22. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

23. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

24. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

25. The above contacts by Defendant are "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

26. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692d, 1692e, 1692e(4), 1692e(5), 1692e(10) and 1692f, as evidenced by the following conduct:

    (a) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

    (b) The representation or implication that nonpayment of a debt will result in the seizure, garnishment, attachment or sale of any property or wages that is not lawful and/or that the defendant did not intend to take;

    (c) Threatening to take action that cannot legally be taken and/or is not intended to be taken;

    (d) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt.

27. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiffs' rights under the law and with the purpose of coercing Plaintiffs to pay the debt.

28. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiffs in the sum of Plaintiffs' statutory damages, actual damages and attorney's fees and costs.

WHEREFORE, Plaintiffs respectfully pray that relief be granted as follows:

(a) That an order be entered declaring that the Defendant's actions as described above are in violation of the FDCPA;

(b) That an order be entered enjoining the Defendant from continuing to communicate with Plaintiff in violation of the FDCPA;

(c) That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(d) That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(e) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

(f) That the Court grant such other and further relief as may be just and proper.

## VI. SECOND CLAIM FOR RELIEF-VIOLATION OF THE FCEUA AND UTPCPL

29. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

30. Defendant is a "debt collector" as defined by 73 P.S. § 2270.3 of the FCEUA.

31. Plaintiffs are "debtors" as defined by 73 P.S. § 2270.3 of the FCEUA.

32. The above contacts by Defendant were "communications" relating to a "debt" as defined by 73 P.S. § 2270.3 of the FCEUA.

33. Defendant engaged in unfair methods of competition and unfair or deceptive acts or practices, as defined by the UTPCPL, by attempting to collect the debt in violation of the FCEUA. Defendant's violations of the FCEUA and UTPCPL include, but are not limited to, violations of 73 P.S. § 2270.4(a), as evidenced by the following conduct:

 (a) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

 (b) The representation or implication that nonpayment of a debt will result in the seizure, garnishment, attachment or sale of any property or wages that is not lawful and/or that the defendant did not intend to take;

 (c) Threatening to take action that cannot legally be taken and/or is not intended to be taken;

 (d) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt.

34. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiffs' rights under the law and with the purpose of coercing Plaintiffs to pay the debt.

35. As a result of the above violations of the FCEUA and UTPCPL, Plaintiffs have suffered ascertainable losses entitling Plaintiffs to an award of statutory, actual and treble damages and attorney's fees and costs.

WHEREFORE, Plaintiffs respectfully pray that relief be granted as follows:

 (a) That judgment be entered against the Defendant for actual damages pursuant to 73 P.S. § 201-9.2(a);

(b) That judgment be entered against the Defendant for statutory damages pursuant to 73 P.S. § 201-9.2(a);

(c) That judgment be entered against the Defendant for treble damages pursuant to 73 P.S. § 201-9.2(a);

(d) That the Court award costs and reasonable attorney's fees pursuant to 73 P.S. § 201-9.2(a); and

(e) That the Court grant such other and further relief as may be just and proper.

## VII. THIRD CLAIM FOR RELIEF- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

36. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

37. As a result of Defendant's reckless and intentional conduct, Plaintiffs sustained physical injury as well as mental distress as more fully outlined above.

38. Due to the reckless and intentional conduct of the Defendant, it was foreseeable that Plaintiffs would suffer severe emotional distress, harm to their physical and psychological well-being and physical harm to the present day, as fully outlined above.

WHEREFORE, Plaintiffs claim compensatory, punitive and all other forms of cognizeable damages against Defendant and judgment in their favor, plus lawful interest thereon.

## VIII.  JURY TRIAL DEMAND

39. Plaintiffs demand trial by jury on all issues so triable.

                                    **RESPECTFULLY SUBMITTED,**

                                    **FRANCIS & MAILMAN, P.C.**


                    BY:   */s/ Mark D. Mailman*
                          MARK D. MAILMAN, ESQUIRE
                          JOANNE Y. PARK, ESQUIRE
                          Land Title Building, 19th Floor
                          100 South Broad Street
                          Philadelphia, PA 19110
                          (215) 735-8600

                          Attorneys for Plaintiffs

DATE: April 23, 2008